Dear Mayor Hollingsworth:
We received your request for an opinion regarding the authority of the city's public utility company to receive donations from consumers to assist those "needy" persons with their utility bills in times of distress or need. As we appreciate the situation, the consumer would simply add a donation of whatever amount he chooses to his utility bill. The donation is made purely at the discretion of the consumer. The city will set up a separate account for the donated funds which will be disbursed by a charitable organization.
Your request raises several issues and certainly must be addressed in light of Article 7, Section 14 of the Louisiana Constitution of 1974 which prohibits the donation of public funds. Article 7, Section 14 B specifically authorizes the use of public funds for programs of social welfare for the aid and support of the needy. Our office has opined on numerous occasions that in order to fall within this exception, one must establish objective and consistent criteria to determine those who are truly needy.
La. R.S. 33:4253 provides that bonds issued in connection with a municipal corporation which operates a public utility shall be payable from and be secured by the pledge of the revenues derived from the operation of the utility. However, since the donations received by the city are designated upon receipt for charitable purposes rather than fees for utility services, they do not become subject to the pledge for payment of bonds issued on behalf of the city's public utility company.
La. R.S. 9:2271 allows for any person to make a donation, during one's life or at one's death, for the benefit of educational, charitable, or literary purposes. It further allows the donor to designate a particular use for the donation.
In light of the above, it is our opinion that the City of Ruston's public utility system may receive donations from its customers to be used to assist in paying the utility bills of the needy provided that, because the donations are included in the utility payments to the city, the city assists in establishing some type of objective criteria to determine those who are truly needy so as to fall within the exception of Article 7, Section 14 B of the Louisiana Constitution.
We trust that this adequately responds to your request, but should you have any further questions, please contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:crt